UNITED STATES of America, Plaintiff,

v.

**James G. CALLY, Defendant.**

**No. 99–CV–5598.**

United States District Court,
E.D. New York.

Sept. 25, 2000.

Solomon & Solomon, PC, Albany, N.Y., by Douglas M. Fisher, of counsel, for plaintiff.

James G. Cally, defendant pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case presents a unique situation; the Court has no address whatsoever to contact the *pro se* Defendant.

The Government commenced this action based on a delinquent student loan on September 9, 1999. The Government filed an affidavit of service, indicating that the Defendant was served on September 25, 1999, by leaving a copy of the summons and complaint with "Jane Cally," allegedly a relative of the Defendant, at 91 Woodhull Landing, ·Sound Beach, N.Y. and mailing a copy of the summons to that address on September 28, 1999.

On January 31, 2000, after no appearance had been entered by the Defendant, this Court granted a default judgment to the Government in the sum of $2,118.41 together with interest.

On February 18, 2000, the Defendant filed a letter motion to vacate the default judgment. That motion reads, in its entirety:

I have just learned that there is a default judgment against me relating to a student loan. I was never served with a summons and complaint. Had I been, I would have filed an answer and notified the Plaintiff's counsel. Please treat this letter as a motion to vacate the default judgment pursuant to Fed.R.Civ.P. 55(c) & 60. I believe I have a viable defense.

Enclosed please find explanation.

Attached was a second page, reading:

Explanation:

I have not nor has any member of my family resided at 91 Woodhull Landing, Sound Beach, N.Y. for over one year. I was not residing there on 25Sep99 or at anytime since 30Dec98. I was never served with any notifications of indebtedness. If I were I would have answered the summons. I request to vacate this judgment and I will contact the plaintiff's attorney in an effort to resolve this matter.

The Government opposes the Defendant's request, contending that the Defendant had an obligation under the provisions of 20 U.S.C. § 1077 to promptly notify the Government of any change of address, and that the Sound Beach address is the only address provided to the Government by the Defendant. The Government also noted that the letter from the Defendant does not indicate that the Defendant has a different mailing address. The Court notes that neither the Defendant's application nor the docket sheet for this Court provides any mailing address for the Defendant. In short, neither the Court, nor the Clerk's Office, nor the Government has the Defendant's mailing address.

 In evaluating a motion to vacate a default judgment, the court considers whether default was willful, whether defendant has a meritorious defense, and the level of prejudice that may occur to nondefaulting party if relief is granted. *S.E.C. v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998); *United We Stand America, Inc. v. United We Stand, America New York, Inc.,* 128 F.3d 86, 89 (2d Cir.1997). However, if service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated. *Triad Energy Corp. v. McNell,* 110 F.R.D. 382, 385 (S.D.N.Y.1986).

As to the first issue, the Defendant contends that he was never served with the summons and complaint and was not aware that the lawsuit was pending. Fed.R.Civ.P. 4(e)(1) allows an individual to be served pursuant to the provisions of state law. CPLR § 308(2) allows an individual to be served by delivering the summons to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by mailing a copy of the summons to the person's "last known residence."

 Although the Defendant's assertion that he did not reside at the Sound Beach address at the time of service is contained in an unsworn document, giving due latitude to the *pro se* Defendant, *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994), the Court finds that this is enough to raise a question as to the existence of personal jurisdiction over

him. Under ordinary circumstances, such a showing would, at the very least, require the Court to hold a traverse hearing to determine the particular facts relating to the Defendant's residence at the time of service. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).

However, this case presents a unique circumstance: even if the Court wished to hold a hearing to develop a factual record, it has no way of informing the Defendant of this fact. As stated above, the docket does not contain a mailing or contact address for the Defendant; the only correspondence from the Defendant—the letter motion to vacate—does not contain a return address or any other information revealing a current mailing address; and the Government has established that the only address on file for the Defendant in its records is the Sound Beach address. Without the ability to hold such a hearing, the Court is unable to determine the facts surrounding the Defendant's assertion of improper personal jurisdiction, and for this reason, must deny his motion without prejudice.

Accordingly, the Defendant's motion to vacate the default judgment is DENIED without prejudice to renewal upon an application indicating the Defendant's current residence and mailing address.

**SO ORDERED.**